Matthew Gutierrez (SBN 271206)
mg@gutierrezderham.com
Amber B. Derham (SBN 255853)
abd@gutierrezderham.com
GUTIERREZ DERHAM LAW FIRM LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, California 92610
Telephone: (949) 420-3767
Facsimile: (949) 430-0842

Attorneys for Plaintiff, JEFFREY TABORELL,
an individual, and on behalf of aggrieved employees

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY TABORELL, an individual, and on behalf of aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>GATEWAY FRONTLINE SERVICES, INC., a corporation; GATEWAY GROUP ONE, a fictitious d/b/a name of GATEWAY SECURITY, INC., a corporation; VINCENTE RUVALCABA, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Docket No.: 2:15-CV-07152-GW-AJWx<br><br>Judge: Hon. George H. Wu<br>Courtroom: 10<br><br>**PLAINTIFF JEFFREY TABORELL'S APPLICATION FOR LEAVE TO FILE SETTLEMENT AGREEMENT UNDER SEAL, OR ALTERNATIVELY NOT UNDER SEAL, IN SUPPORT OF HIS MOTION TO ENFORCE COURT APPROVED SETTLEMENT AGREEMENT AND FOR SANCTIONS FOR VIOLATION OF COURT'S ORDER; MEMORANDUM IN SUPPORT**<br><br>Complaint Filed: June 1, 2015 |

TO THE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Plaintiff JEFFREY TABORELL hereby applies for an order permitting the following document to be filed under seal in its entirety, or alternatively not under seal in its entirety, in support of Plaintiff's Motion to Enforce Court Approved Settlement and for Sanctions for Violation of Court Order:

1. Exhibit A (Settlement Agreement) to the Sep. 27, 2016, Declaration of Matthew Gutierrez in Support of Plaintiff's Motion to Enforce Court Approved Settlement and for Sanctions for Violation of Court Order.

Plaintiff intends to file his motion on Thursday, September 29, 2016.

As set forth in the attached memorandum, there are compelling reasons to grant Plaintiff's application. Accordingly, Plaintiff requests that the Court permit the settlement agreement to be filed either under seal or, alternatively and more appropriately, not under seal in its entirety.

Dated: September 27, 2016          GUTIERREZ DERHAM LAW FIRM LLP

                                   By:    /s/ *Matthew Gutierrez*
                                          Matthew Gutierrez
                                          Amber B. Derham
                                          Attorneys for Plaintiff, JEFFREY
                                          TABORELL, an individual, and on
                                          behalf of aggrieved employees

## MEMORANDUM IN SUPPORT

## I. COURT APPROVAL OF SETTLEMENT OF PAGA PENALTIES AND ORDER RETAINING JURISDICTION TO ENFORCE THE SETTLEMENT

Jeffrey Taborell ("Plaintiff") filed this action against Gateway Frontline Services, Inc. and Gateway Group One, a fictitious d/b/a name of Gateway Security, Inc., (collectively, "Defendants") for (1) whistleblower retaliation in violation of California Labor Code § 1102.5, (2) retaliation in violation of California Labor Code § 98.6, (3) failure to timely provide payroll records in violation of California Labor Code § 226(c), (4) failure to timely provide personnel records in violation of California Labor Code § 1198.5, (5) civil penalties under the Private Attorney General Act ("PAGA"), (6) negligence, (7) invasion of privacy by public disclosure of private facts under common law, (8) invasion of privacy in violation of the California Constitution, and (9) constructive discharge in violation of public policy. (Dkt. 50; *see gen.* Corrected & Am. First Am. Compl., Docket No. 24.)

On March 28, 2016, the parties filed a stipulation requesting that the Court approve the settlement of the PAGA claim in the amount of $10,600.00, with 75% to be paid to the California Labor and Workforce Development Agency ("LWDA") and 25% to be paid to Plaintiff and certain other current or former employees of Defendants. (Dkt. 50; *see* Joint Stip., Docket No. 48.)

On April 7, 2016, the parties submitted joint briefing for court approval of the settlement, explaining the following breakdown as the basis for the $10,600 civil penalties sought as part of the proposed settlement agreement:

- $4,700 for 29 alleged violations of California Labor Code section 1198, from the period of June 1, 2014, through December 2014, involving Plaintiff and 23 other "CASH BOOTH EMPLOYEES" (CASH BOOTH EMPLOYEES are 23 identified employees who worked at Defendant's LAX location and handled cash for Defendant).

- $4,700 for 29 alleged violations of California Labor Code section 2802, from the period of June 1, 2014, through December 2014, involving Plaintiff and 23 other CASH BOOTH EMPLOYEES.
- $200 for two alleged violations of California Labor Code section 432 involving Plaintiff and one other employee (not included in the CASH BOOTH EMPLOYEES).
- $200 for two alleged violations of California Labor Code section 1198.5 involving Plaintiff and one other employee (not included in the CASH BOOTH EMPLOYEES).
- $100 for one alleged violation of California Labor Code section 226(c) involving Plaintiff and no other employees.
- $350 for one alleged violation of California Labor Code section 98.6 involving Plaintiff and no other employees.
- $350 for one alleged violation of California Labor Code section 1102.5 involving Plaintiff and no other employees.

(Dkt. 51.) The PAGA penalties represented (14%) of the overall settlement amount. (Dkt. 51.) On April 21, 2016, the Court approved the settlement of the PAGA claim. (Dkt. 52.)

On May 24, 2016, the Court set a status conference re settlement for June 13, 2016, so "that the parties may continue finalizing the settlement agreement." (Dkt. 55.) On June 13, 2016, the Court ordered that "[t]he Court retains jurisdiction to enforce the terms of the settlement agreement between the Parties." (Dkt. 58.)

## II. PLAINTIFF'S MOTION

The Court has the power to order specific performance of a settlement agreement. *See TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986). If the parties' obligation to comply with the terms of a settlement agreement are "made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating

the terms of the settlement agreement in the order" then "a breach of the agreement would be a violation of the order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). The court may assess attorney fees or other sanctions under its inherent power for the willful disobedience of a court order. *Chambers v. NASCO, Inc.*, 501 US 32, 45 (1991); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 US 240, 258 (1975).

Here, the Court approved the settlement of PAGA penalties by Court order, and later expressly retained jurisdiction for enforcement of the settlement agreement. When the Court retained jurisdiction to enforce the settlement agreement in this case, it made "the parties' obligation to comply with the settlement agreement . . . part of the order." *Cranshire Capital, L.P. v. CBTV-Star, LW, Inc.*, 70 F. App'x 434, 436 (9th Cir. 2003) (quoting *Kokkonen* at 381).

Plaintiff intends to file a motion to enforce the settlement agreement and for sanctions based on Defendants' material breach for failure to make payment and violation of the Court's orders. The terms of the settlement agreement will be necessary for the Court to set forth the particulars in an order compelling compliance with the complex structured payment allocation (Sep. 27, 2016, Decl. of Matthew Gutierrez, Ex. A ¶ 2). The settlement agreement has a confidentiality provision, which prompts Plaintiff to file this application simply out of the abundance of caution. The settlement agreement, however, also has a provision that the agreement is admissible or subject to disclosure for purposes of seeking enforcement. (*Id.* at ¶ 21) Based on the disclosure provision, Plaintiff requests an order either permitting the agreement to be filed without sealing because the express terms (*Id.* at ¶ 21) allow it to be disclosed for purposes of seeking enforcement.

/ / /
/ / /
/ / /
/ / /

3

APPLICATION FOR LEAVE TO FILE SETTLEMENT AGREEMENT UNDER SEAL, OR

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to grant this application.

Dated: September 27, 2016         GUTIERREZ DERHAM LAW FIRM LLP

By:     /s/ *Matthew Gutierrez*
Matthew Gutierrez
Amber B. Derham
Attorneys for Plaintiff, JEFFREY TABORELL, an individual, and on behalf of aggrieved employees